# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>22nd JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 22- -NF | **CASE NO.**<br>22-000074-NF<br>JUDGE TIMOTHY P. CONNORS |

Court address: 101 E. Huron St., P.O. Box 8645, Ann Arbor, MI 48107

Court telephone no.: (734) 222-3383

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| JAWAD A. SHAH, M.D., P.C.<br>(d/b/a INSIGHT PAIN MANAGEMENT),<br>INSIGHT ANESTHESIA, ALLIANCE ANESTHESIA,<br>P.L.L.C., and, STERLING ANESTHESIA<br>(Cecil Dixon) | v | ALLSTATE INSURANCE COMPANY<br>c/o The Corporation Company<br>40600 Ann Arbor Road E., Suite 201<br>Plymouth, MI 48170-4675 |

Plaintiff's attorney, bar no., address, and telephone no.
Stephen F. Hardy (P73813)
Whiting Law
28819 Franklin Road, Suite 200
Southfield, MI 48034
(248) 355-5900

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☑ Macomb County Circuit _____ Court, where it was given case number 19-113702-NI and assigned to Judge Hon. Julie Gatti.

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>04-20-2022 | Court clerk /s/ Kim Plumb<br>January 20, 2022 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | |
|---|---|
| **PROOF OF SERVICE** | **SUMMONS**<br>Case No. 22-      -NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled Fee<br>$ | | Signature |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled Fee<br>$ | TOTAL FEE<br>$ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                         Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                    Day, date, time

_____ on behalf of _____ .
Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

| | 22-000074-NF |
|---|---|
| JAWAD A. SHAH, M.D., P.C. | Case No. 22- -NF |
| (d/b/a. INSIGHT PAIN MANAGEMENT), | Hon: JUDGE TIMOTHY P. |
| INSIGHT ANESTHESIA | CONNORS |
| ALLIANCE ANESTHESIA, P.L.L.C., and | |
| STERLING ANESTHESIA | |
| (*Cecil Dixon*) | |

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY

        Defendant.
_____/

STEPHEN F. HARDY (P73813)
WHITING LAW
Attorney for Plaintiffs
28819 Franklin Road, Suite 200
Southfield, MI 48034
(248) 355-5900/Fax: (248) 355-7915
Stephen.hardy@844whiting.com
_____/

## PLAINTIFF'S COMPLAINT

There is another pending civil
action arising out of the same motor vehicle accident involving Cecil Dixon Providers
vs Defendant Allstate. That case is in Macomb County Circuit Court and is
assigned case number 2020-003187-NF and Honorable Julie Gatti

**NOW COMES** Plaintiffs, JAWAD A. SHAH, M.D., P.C. (d/b/a., INSIGHT PAIN MANAGEMENT), INSIGHT ANESTHESIA, ALLIANCE ANESTHESIA, P.L.L.C., and STERLING ANESTHESIA by and through their attorneys, **WHITING LAW**, and for their Complaint, state as follows:

1. That Plaintiff, INSIGHT ANESTHESIA (hereinafter "Plaintiff IA") provides medical services within the City of Warren, County of Macomb, State of Michigan.

2. That Plaintiff, ALLIANCE ANESTHESIA, P.L.L.C., (hereinafter "Plaintiff Alliance") provides medical services within the City of Warren, County of Macomb, State of Michigan.

3. That Plaintiff, STERLING ANESTHESIA, (hereinafter "Plaintiff Sterling") provides medical services within the City of Warren, County of Macomb, State of Michigan.

4. That Plaintiff, JAWAD A. SHAH, M.D., P.C. (d/b/a., INSIGHT PAIN MANAGEMENT) (hereinafter "Plaintiff Shah") provides medical services within the City of Flint, County of Genesee, State of Michigan.

5. That the Defendant, Allstate Insurance Company (hereinafter referenced as "Allstate") is an insurance company duly authorized to transact the business of automobile insurance in the State of Michigan and does in fact regularly and systematically conduct this business in the County of Washtenaw, State of Michigan.

6. That the incident that gives rise to this complaint occurred in the County of Macomb, State of Michigan.

7. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest and costs.

8. That Washtenaw County is a proper Venue for this action pursuant to MCL 600.1629.

## Factual Allegations

9. Plaintiffs reallege and reincorporates all allegations from paragraphs 1 through 8 as fully set forth herein.

2

10. That on September 28, 2018, Cecil Dixon, was involved in a motor vehicle thereby causing him to sustain accidental bodily injuries in said motor vehicle accident within the meaning of statutory provision, Section 3105 of the No Fault Act.

11. That since September 28, 2018, Cecil Dixon was covered by Defendant Allstate for Michigan No-Fault benefits under and in accordance with the provisions of MCL 500.3101 et seq.

12. That pursuant to MCL 500.3105, 500.3114, and 500.3172 and/or under the terms and conditions of the said insurance policy, Defendant Allstate became obligated to pay to, or for the Plaintiff, certain expenses or losses in the event Plaintiff sustained bodily injury and/or death in an accident arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

13. That as a result of the aforesaid accident, Cecil Dixon suffered and sustained severe personal injuries to his person and body and/or an aggravation of pre-existing conditions, including but not limited to injuries to his head, neck, back, spinal cord, legs and knee and all of the sequelae and symptoms associated therewith.

14. That Defendant Allstate has failed, refused or neglected to pay Plaintiffs the aforesaid personal protection insurance benefits in accordance with the applicable No Fault and contract provisions, although reasonable proof has been submitted.

15. That Defendant Allstate's failure and/or refusal to pay the aforesaid personal protection insurance benefits is continuous and ongoing and, as a consequence thereof, Plaintiffs continues to incur allowable expenses and replacement service expenses for which defendant insurance company is liable and for which Plaintiffs are entitled to recover herein.

16. That the aforesaid personal protection insurance benefits due and owing to or for the benefit of Plaintiff are overdue within the meaning of Section 3142 of the No Fault Act, thereby entitling Plaintiff to recover interest at the rate of twelve percent (12%) per annum from defendant insurance company.

17. That Defendant Allstate has unreasonably refused or delayed in making proper payments to the Plaintiff contrary to Section 3148 of the No Fault Act, which permits the Plaintiff to obtain reasonable attorney fees from defendant insurance company.

## Count I

### Unpaid No-Fault Benefits as to Plaintiff SHAH

18. Plaintiffs reallege and reincorporate all allegations from paragraphs 1 through 17 as fully set forth herein.

19. Plaintiff Shah provided (and may continue to provide) medical services to Cecil Dixon for injuries arising out of the motor vehicle accident. By this action, Plaintiff Shah seeks payment of No-Fault benefits from Defendant for the medical services rendered to this individual.

20. Since approximately September 28, 2018, Plaintiff Shah has provided medical services to Cecil Dixon for injuries arising out of said motor vehicle accident, and to date the outstanding bills total **$33,858.00**

21. Plaintiff Shah's services were reasonable and necessary for Cecil Dixon's care, recovery and rehabilitation.

22. Plaintiff Shah has submitted reasonable proof of the fact and the amount of the loss to Defendant Allstate pursuant to MCL 500.3142 and demanded payment. That pursuant to MCR 2.113(F), the itemized bills are in Defendant's possession.

4

23. Allstate is the insurer in highest order of priority obligated to pay for products, services, and accommodations rendered to Cecil Dixon.

24. Despite demands for payment, Allstate has failed to pay Plaintiff Shah for the services rendered to Cecil Dixon.

25. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay Plaintiff Shah for services rendered to Cecil Dixon arising out of this motor vehicle accident.

26. Defendant Allstate's action and/or inaction withholding and/or delaying payment to Plaintiff Shah is a breach of Allstate's statutory obligation to provide timely No-Fault insurance benefits for injuries Cecil Dixon sustained in the motor vehicle accident and subjects Defendant Allstate to No-Fault penalties.

27. Defendant Allstate's refusal or delay in making payments to Plaintiff Shah is unreasonable within the meaning of the No-Fault law and subjects Defendant to liability for No-Fault attorney fees.

**WHEREFORE**, Plaintiff Shah asks the court for the following relief:

- A. That this Court adjudicate Allstate's liability for services provided by Plaintiff Shah to Cecil Dixon;
- B. That this Court grants judgment against Allstate in an amount equal to the charges for services, together with costs, interest and attorneys' fees;
- C. That the Court order the speedy hearing of this action and advance it on the calendar; and,
- D. Such other relief that the Court deems just and proper.

## Count II

### Unpaid No-Fault Benefits as to Plaintiff Alliance

28. Plaintiffs reallege and reincorporate all allegations from paragraphs 1 through 27 as fully set forth herein.

29. Plaintiff Alliance provided (and may continue to provide) medical services to Cecil Dixon for injuries arising out of the motor vehicle accident. By this action, Plaintiff Alliance seeks payment of No-Fault benefits from Defendant for the medical services rendered to this individual.

30. Since approximately September 28, 2018, Plaintiff Alliance has provided medical services to Cecil Dixon for injuries arising out of said motor vehicle accident, and to date the outstanding bills total **$51,646.00**

31. Plaintiff Alliance's services were reasonable and necessary for the Cecil Dixon's care, recovery, and rehabilitation.

32. Plaintiff Alliance has submitted reasonable proof of the fact and the amount of the loss to Defendant Allstate pursuant to MCL 500.3142 and demanded payment. That pursuant to MCR 2.113(F), the itemized bills are in Defendant's possession.

33. Allstate is the insurer in highest order of priority obligated to pay for products, services, and accommodations rendered to Cecil Dixon.

34. Despite demands for payment, Allstate has failed to pay Plaintiff Alliance for the services rendered to Cecil Dixon.

35. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay Plaintiff Alliance for services rendered to Cecil Dixon arising out of this motor vehicle accident.

36. Defendant Allstate's action and/or inaction withholding and/or delaying payment to Plaintiff Alliance is a breach of Allstate's statutory obligation to provide timely No-Fault insurance benefits for injuries Cecil Dixon sustained in the motor vehicle accident and subjects Defendant Allstate to No-Fault penalties.

37. Defendant Allstate's refusal or delay in making payments to Plaintiff Alliance is unreasonable within the meaning of the No-Fault law and subjects Defendant to liability for No-Fault attorney fees.

**WHEREFORE**, Plaintiff Alliance asks the court for the following relief:

A. That this Court adjudicate Allstate's liability for services provided by Plaintiff Alliance to Cecil Dixon;

B. That this Court grants judgment against Allstate in an amount equal to the charges for services, together with costs, interest and attorneys' fees;

C. That the Court order the speedy hearing of this action and advance it on the calendar; and,

D. Such other relief that the Court deems just and proper.

## Count III

### Unpaid No-Fault Benefits as to Sterling

38. Plaintiffs reallege and reincorporate all allegations from paragraphs 1 through 37 as fully set forth herein.

39. Plaintiff Sterling provided (and may continue to provide) medical services to Cecil Dixon for injuries arising out of the motor vehicle accident. By this action, Plaintiff Sterling seeks payment of No-Fault benefits from Defendant for the medical services rendered to Cecil Dixon.

7

40. Since approximately September 28, 2018, Plaintiff Sterling has provided medical services to Cecil Dixon for injuries arising out of said motor vehicle accident, and to date the outstanding bills total **$4,483.00**

41. Plaintiff Sterling's services were reasonable and necessary for the named individual's care, recovery, and rehabilitation.

42. Plaintiff Sterling has submitted reasonable proof of the fact and the amount of the loss to Defendant Allstate pursuant to MCL 500.3142 and demanded payment. That pursuant to MCR 2.113(F), the itemized bills are in Defendant's possession.

43. Allstate is the insurer in highest order of priority obligated to pay for products, services, and accommodations rendered to Cecil Dixon.

44. Despite demands for payment, Allstate has failed to pay Plaintiff Alliance for the services rendered to Cecil Dixon.

45. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay Plaintiff Sterling for services rendered to Cecil Dixon arising out of this motor vehicle accident.

46. Defendant Allstate's action and/or inaction withholding and/or delaying payment to Plaintiff Sterling is a breach of Allstate's statutory obligation to provide timely No-Fault insurance benefits for injuries Cecil Dixon sustained in the motor vehicle accident and subjects Defendant Allstate to No-Fault penalties.

47. Defendant Allstate's refusal or delay in making payments to Plaintiff Sterling is unreasonable within the meaning of the No-Fault law and subjects Defendant to liability for No-Fault attorney fees.

**WHEREFORE**, Plaintiff Sterling asks the court for the following relief:

A. That this Court adjudicate Allstate's liability for services provided by Plaintiff Sterling to Cecil Dixon;

B. That this Court grants judgment against Allstate in an amount equal to the charges for services, together with costs, interest and attorneys' fees;

C. That the Court order the speedy hearing of this action and advance it on the calendar; and,

D. Such other relief that the Court deems just and proper.

## Count IV

### Unpaid No-Fault Benefits as to IA

48. Plaintiffs reallege and reincorporate all allegations from paragraphs 1 through 47 as fully set forth herein.

49. Plaintiff IA provided (and may continue to provide) medical services to Cecil Dixon for injuries arising out of the motor vehicle accident. By this action, Plaintiff IA seeks payment of No-Fault benefits from Defendant for the medical services rendered to this individual.

50. Since approximately September 28, 2018, Plaintiff IA has provided medical services to Cecil Dixon for injuries arising out of said motor vehicle accident, and to date the outstanding bills total **$42,000.00**

51. Plaintiff IA's services were reasonable and necessary for Cecil Dixon's care, recovery, and rehabilitation.

52. Plaintiff IA has submitted reasonable proof of the fact and the amount of the loss to Defendant Allstate pursuant to MCL 500.3142 and demanded payment. That pursuant to MCR 2.113(F), the itemized bills are in Defendant's possession.

53. Allstate is the insurer in highest order of priority obligated to pay for products services and accommodations rendered to Cecil Dixon.

54. Despite demands for payment, Allstate has failed to pay Plaintiff IA for the services rendered to Cecil Dixon.

55. Under the Michigan No-Fault Law, Allstate has a statutory duty to promptly pay Plaintiff IA for services rendered to Cecil Dixon arising out of this motor vehicle accident.

56. Defendant Allstate's action and/or inaction withholding and/or delaying payment to Plaintiff IA is a breach of Allstate's statutory obligation to provide timely No-Fault insurance benefits for injuries Cecil Dixon sustained in the motor vehicle accident and subjects Defendant Allstate to No-Fault penalties.

57. Defendant Allstate's refusal or delay in making payments to Plaintiff IA is unreasonable within the meaning of the No-Fault law and subjects Defendant to liability for No-Fault attorney fees.

**WHEREFORE**, Plaintiff IA asks the court for the following relief:

    A. That this Court adjudicate Allstate's liability for services provided by Plaintiff IA to Cecil Dixon;

    B. That this Court grants judgment against Allstate in an amount equal to the charges for services, together with costs, interest and attorneys' fees;

    C. That the Court order the speedy hearing of this action and advance it on the calendar; and,

D.  Such other relief that the Court deems just and proper.

Respectfully Submitted,

*/s/ Stephen F. Hardy*
WHITING LAW
STEPHEN F. HARDY (P73813)
Attorneys for Plaintiff
28819 Franklin Rd Ste 200
Southfield, MI 48034
(248)355-5900/(248)355-5901–Fax
stephen@844whiting.com

Dated: January 19, 2022

11

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

JAWAD A. SHAH, M.D., P.C.
(d/b/a. INSIGHT PAIN MANAGEMENT),
INSIGHT ANESTHESIA
ALLIANCE ANESTHESIA, P.L.L.C., and
STERLING ANESTHESIA
(*Cecil Dixon*)

22-000074-NF
Case No. 22-      -NF
Hon: JUDGE TIMOTHY P. CONNORS

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY

        Defendant.

_____/

STEPHEN F. HARDY (P73813)
WHITING LAW
Attorney for Plaintiffs
28819 Franklin Road, Suite 200
Southfield, MI 48034
(248) 355-5900/Fax: (248) 355-7915
Stephen.hardy@844whiting.com

_____/

## JURY DEMAND

**NOW COMES** Plaintiffs, JAWAD A. SHAH, M.D., P.C. (d/b/a., INSIGHT PAIN MANAGEMENT), INSIGHT ANESTHESIA, ALLIANCE ANESTHESIA, P.L.L.C., and STERLING ANESTHESIA, by and through their attorneys, **WHITING LAW**, and for their Jury Demand, state as follows:

Demand for a jury trial is hereby made.

Respectfully Submitted,

/s/ Stephen F. Hardy
WHITING LAW
STEPHEN F. HARDY (P73813)
Attorneys for Plaintiff
28819 Franklin Rd Ste 200
Southfield, MI 48034
(248)355-5900/(248)355-5901–Fax
stephen@844whiting.com

Dated: January 19, 2022